1  ALEXANDER G. CALFO (SBN 152891)
   acalfo@yukelaw.com
2  DAVID C. SHAY (SBN 241702)
   dshay@yukelaw.com
3  YUKEVICH CALFO & CAVANAUGH
   355 S. Grand Avenue, 15th Floor
4  Los Angeles, CA 90071-1560
   Telephone: (213) 362-7777
5  Facsimile: (213) 362-7788

6  Attorneys for Plaintiff
   OPTIMUM POWER SOLUTIONS LLC
7  HAROLD H. DAVIS, JR. (SBN 235552)
   harold.davis@klgates.com
8  K&L GATES LLP
   4 Embarcadero Center, Suite 1200
9  San Francisco, California 94111-5994
   Telephone: 415.882.8200
10 Facsimile: 415.882.8220

11 BRYAN J. SINCLAIR (SBN 205885)
   bryan.sinclair@klgates.com
12 K&L GATES LLP
   630 Hansen Way
13 Palo Alto, CA  94304
   Telephone:  (650) 798-6700
14 Facsimile:  (650) 798-6701

15 Attorneys for Defendant and
   Counterclaimant ACER AMERICA
16 CORPORATION

FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

AUG  1 7 2012

CENTRAL DISTRICT OF CALIFORNIA
BY   Shy                    DEPUTY

17            **UNITED STATES DISTRICT COURT**

18            **CENTRAL DISTRICT OF CALIFORNIA**

19                  **SOUTHERN DIVISION**

20 | OPTIMUM POWER                        | Case No. 8:11-cv-01462 AG-ANx
21 | SOLUTIONS, LLC, a Texas
   | Limited Liability Company,           | Hon. Andrew J. Guilford
22 |            Plaintiff,                | **[PROPOSED] PROTECTIVE ORDER**
   |                                      | **GOVERNING THE DESIGNATION**
23 |            v.                        | **AND HANDLING OF CONFIDENTIAL**
   |                                      | **MATERIALS**
24 | ACER AMERICA
25 | CORPORATION, a California
   | Corporation,
26 |            Defendant.

27

28

1    To expedite the flow of discovery material, to facilitate the prompt resolution of

2  disputes over confidentiality of discovery materials, to adequately protect information

3  the parties are entitled to keep confidential, to ensure that only materials the parties are

4  entitled to keep confidential are subject to such treatment, and to ensure that the parties

5  are permitted reasonably necessary uses of such materials in preparation for and in the

6  conduct of trial, pursuant to Federal Rule of Civil Procedure 26(c), it is hereby

7  ORDERED THAT:

8    **Definitions**

9    1.    "Party":  any party to this action, including all of its officers, directors,

10  employees, consultants, retained experts, and outside counsel (and their support staff).

11    2.    "Material":  all information, testimony, documents and things produced,

12  served or otherwise provided in this action by the Parties or by non-parties.

13    3.    "CONFIDENTIAL Material":  information, documents, and things the

14  Designating Party believes in good faith comprises or includes confidential,

15  proprietary and/or trade secrets or other confidential research, development, or

16  sensitive commercial information that is not generally known to others, and which the

17  Designating Party (i) would not normally reveal to third parties except in confidence or

18  has undertaken with others to maintain in confidence, or (ii) believes in good faith is

19  protected by a right to privacy under federal or state law or any other applicable

20  privilege or right related to confidentiality or privacy.

21    4.    "ATTORNEYS' EYES ONLY Material":  information, documents, and

22  things the Designating Party believes in good faith is not generally known to others

23  and has significant competitive value such that unrestricted disclosure to others would

24  create a substantial risk of serious injury, and which the Designating Party (i) would

25  not normally reveal to third parties except in confidence or has undertaken with others

26  to maintain in confidence, or (ii) believes in good faith is significantly sensitive and

27  protected by a right to privacy under federal or state law or any other applicable

28  privilege or right related to confidentiality or privacy.

1

[PROPOSED] PROTECTIVE ORDER GOVERNING THE DESIGNATION AND HANDLING OF CONFIDENTIAL
MATERIALS; CASE NO. 8:11-CV-01462-AG-ANx

5.     "OUTSIDE COUNSEL RESTRICTED Material":  Material meeting the requirements for ATTORNEYS EYES ONLY Material, as set forth in Paragraph 4 above, which the Designating Party reasonably believes contains such highly sensitive information that its disclosure to any employees of any Party, including Litigation Managers, would present a substantial risk of harm to the competitive position of the Designating Party.

The designation is reserved for information that constitutes proprietary financial, technical, competitive, or commercially sensitive information that the Designating Party maintains as highly confidential in its business, including but not limited to information relating to future products, strategic plans, non-public financial data, documents that would reveal trade secrets, licensing documents or licensing communications, and settlement agreements or settlement communications, the disclosure of which is likely to cause harm to the competitive position of the Designating Party.

This designation includes Material that the Designating Party believes in good faith is not generally known to others and has significant competitive value such that unrestricted disclosure to others would create a substantial risk of serious injury, and which the Designating Party (i) would not normally reveal to third parties except in confidence or has undertaken with others to maintain in confidence, or (ii) believes in good faith is significantly sensitive and protected by a right to privacy under federal or state law or any other applicable privilege or right related to confidentiality or privacy. This designation also includes Material obtained from a non-party pursuant to a current Nondisclosure Agreement ("NDA"), unless the non-party permits a different designation in writing. OUTSIDE COUNSEL RESTRICTED Material shall include all Material referring or relating to the foregoing, including but not limited to copies, summaries, and abstracts of the foregoing. The parties may designate confidential technical information as Outside Counsel Restricted Material to prevent its disclosure to Litigation Managers of the other parties.

6. "Encrypted": encrypted using PGP® encryption, with a passphrase of at least 20 characters in length and using the Advanced Encryption Standard (AES) cipher option, unless a Designating Party indicates that its materials may be encrypted using other private-key encryption techniques, in which case a Receiving Party may, but is not required to, use such other techniques with respect to that Designating Party's materials. Where encryption is required for transmission of a document by electronic means, the encryption must also be end-to-end (i.e., the received document must be Encrypted when received on the recipient's computer. Nothing in this Order Governing the Designation and Handling of Confidential Materials (or "Confidentiality Order"), however, shall require Designated Material hosted by a Professional Vendor to be Encrypted pursuant to this paragraph when viewed by an authenticated authorized recipient over a secure (end-to-end), encrypted Internet connection.

7. "Producing Party": a Party or non-party that produces Material in this action.

8. "Receiving Party": a Party that receives Material from a Producing Party.

9. "Designated Material": Material that is designated "CONFIDENTIAL", "ATTORNEYS' EYES ONLY", or "OUTSIDE COUNSEL RESTRICTED" under this Order.

10. "Designating Party": a Party or non-party that designates information, documents or things that it produces in disclosures or in responses to discovery as "CONFIDENTIAL", "ATTORNEYS' EYES ONLY", or "OUTSIDE COUNSEL RESTRICTED".

11. "Counsel of Record": (i) outside counsel who appear on the pleadings as counsel for a Party, (ii) partners, associates, and employees of such outside counsel to whom it is reasonably necessary to disclose the information for this litigation, including supporting personnel employed by the attorneys, such as paralegals, legal translators, legal secretaries, legal clerks and shorthand reporters, (iii) independent

1 legal translators retained to translate in connection with this action, or independent

2 shorthand reporters retained to record and transcribe testimony in connection with this

3 action, or (iv) a Mediator(s) appointed by the Court and his or her partners, associates,

4 and employees to whom it is reasonably necessary to disclose the information for this

5 litigation.

6      12.    "Litigation Manager": an individual who is an employee in a legal

7 department of a Party named in the original Complaint in this action or a subsequently

8 added Party (including supporting personnel employed by the legal department of such

9 Party, such as paralegals, legal translators, legal secretaries, legal clerks, and shorthand

10 reporters), whose responsibilities include overseeing this litigation, and who from the

11 date of entry of this Confidentiality Order through a period of one year following

12 either (a) the complete resolution of the litigation through entry of a final, non-

13 appealable judgment or for which appeal has been exhausted, or (b) complete

14 settlement of all claims against the Party who designated the Litigation Manager, shall

15 be subject to the PROSECUTION BAR if the Litigation Manager(s) receives any

16 Material labeled "SUBJECT TO PROSECUTION BAR" as provided for in Section F

17 below.

18      Each Party may designate a maximum of three Litigation Managers. A Party

19 may designate a person as a Litigation Manager by having the person sign the

20 "Litigation Manager Acknowledgement and Agreement To Be Bound By

21 Confidentiality Order" attached hereto as Exhibit C and serving that document on all

22 Parties. If necessary, a Party may replace a designated Litigation Manager with a new

23 Litigation Manager by serving the appropriate undertakings described in Paragraphs 23

24 (c) and (d). In this event, the replaced Litigation Manager shall destroy all designated

25 materials in his or her possession or return them to Counsel of Record for the Party and

26 shall no longer be permitted to receive designated materials as a Litigation Manager

27 pursuant to this Confidentiality Order.

28      To the extent any Defendant designates a Litigation Manager who is not an

1  employee of a current Party to this action, such Litigation Manager shall not receive

2  any Designated Material of another Defendant based on his/her status as a Litigation

3  Manager pursuant to this Confidentiality Order.

4      13.  "Outside Consultant":  a person with specialized knowledge or experience

5  in a matter pertinent to the litigation who has been retained by a Party or Counsel of

6  Record to serve as an expert witness or as a consultant in this action and who is not a

7  current employee of a Party or a competitor of a party, who, at the time of retention, is

8  not anticipated to become an employee of a Party or of a competitor of a party.

9      14.  "Professional Vendors":  persons or entities located in the United States

10  that provide litigation support services (*e.g.*, photocopying; organizing, storing, or

11  retrieval of data in any form or medium; videotaping; translating; designing and

12  preparing exhibits, graphics, or demonstrations; etc.) and their employees and

13  subcontractors. This definition includes a professional jury or trial consultant retained

14  in connection with this litigation and mock jurors retained by such a consultant to

15  assist them in their work. Professional Vendors do not include consultants who fall

16  within the definition of Outside Consultant.

17  **Scope**

18      15.  The protections conferred by this Order cover not only Designated

19  Material (as defined above), but also any information copied or extracted therefrom, as

20  well as all copies, excerpts, summaries, or compilations thereof. Nothing herein shall

21  alter or change in any way the discovery provisions of the Federal Rules of Civil

22  Procedure or the Court's deadlines provided in the Docket Control Order and

23  Discovery Order. Identification of any individual pursuant to this Confidentiality Order

24  does not make that individual available for deposition or any other form of discovery

25  outside of the restrictions and procedures of the Federal Rules of Civil Procedure and

26  the Court's deadlines provided in the Docket Control Order and Discovery Order.

27  **Access To Designated Material**

28      16.  **CONFIDENTIAL Material:**  Unless otherwise ordered by the Court or

permitted in writing by the Designating Party, a Receiving Party may disclose any information, document or thing designated "CONFIDENTIAL" only to:

(a) employees of the Receiving Party to whom disclosure is reasonably necessary for the management, supervision, or oversight of this litigation and who have signed the "Agreement To Be Bound By Confidentiality Order" attached hereto as Exhibit A;

(b) persons who appear on the face of Designated Material as an author, addressee or recipient thereof;

(c) Counsel of Record;

(d) Litigation Managers to whom disclosure is reasonably necessary for this litigation and who have signed the "Litigation Manager Acknowledgement and Agreement To Be Bound By Confidentiality Order" attached hereto as Exhibit C;

(e) Outside Consultants of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement To Be Bound By Confidentiality Order" attached hereto as Exhibit A and the "Certification Of Consultant" attached hereto as Exhibit B;

(f) witnesses at deposition and/or trial, provided that such witnesses may not retain copies of Designated Material unless permitted by other provisions of this Order;

(g) the Court and its personnel;

(h) any designated arbitrator or mediator who is assigned to hear this matter, and his or her staff, who have signed the "Agreement To Be Bound By Confidentiality Order" attached hereto as Exhibit A and the "Certification Of Consultant" attached hereto as Exhibit B;

(i) court reporters; and

(j) Professional Vendors to which disclosure is reasonably necessary for this litigation and a representative of which has signed the "Agreement To Be Bound By Confidentiality Order" attached hereto as Exhibit A.

17. **ATTORNEYS' EYES ONLY Material:** Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information, documents, or things designated ATTORNEYS' EYES ONLY Material only to the following in addition to those identified in Paragraph 29 below regarding use of Designated Material at depositions:

(a) persons who appear on the face of Designated Material as an author, addressee or recipient thereof;

6

(b)     Counsel of Record;

(c)     Litigation Managers to whom disclosure is reasonably necessary for this litigation and who have signed the "Litigation Manager Acknowledgement and Agreement To Be Bound By Confidentiality Order" attached hereto as Exhibit C.

Under this section, disclosure of Defendants' Attorneys' Eyes Only material may be made to Plaintiff's Litigation Managers, and disclosures of Plaintiff's Attorneys' Eyes Only material may be made to Defendants Litigation Managers. Disclosure of Defendants' Attorneys' Eyes Only material, however, shall not be allowed to be made to any other Defendant's Litigation Managers under this section except as may be agreed to in writing by the Designating Party.

(d)     Witnesses at deposition and/or trial, provided that such witnesses may not retain copies of Designated Material unless permitted by other provisions of this Order, and that any Party wishing to use such material to examine persons that are not currently employed by the Producing Party gives reasonable notice to the Producing Party's counsel at least one week prior to showing such material to the witness. If the Producing Party objects to the use of the material, Counsel wishing to use the material must first obtain leave of Court. Counsel for the Producing Party that receives notice under this paragraph agrees not to disclose the examining Party's intent to use the material to any Party or person that counsel does not represent. Absent exceptional circumstances, the term "reasonable notice," as used in this paragraph, shall mean at least two (2) business days prior to the start of the deposition;

(e)     Outside Consultants of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement To Be Bound By Confidentiality Order" attached hereto as Exhibit A and the "Certification Of Consultant" attached hereto as Exhibit B;

(f)     the Court and its personnel;

(g)     any designated arbitrator or mediator who is assigned to hear this matter, and his or her staffs, who have signed the "Agreement To Be Bound By Confidentiality Order" attached hereto as Exhibit A and the "Certification Of Consultant" attached hereto as Exhibit B;

(h)     court reporters;

(i)     Professional Vendors to which disclosure is reasonably necessary for this litigation and a representative of which has signed the "Agreement To Be Bound By Confidentiality Order" attached hereto as Exhibit A;

(j)     any other person with the prior written consent of the Producing Party (and, if not the same person or entity, the Designating Party).

18.     To the extent that any CONFIDENTIAL or ATTORNEYS' EYES ONLY Material, or any summaries of such Material, is transmitted from or to authorized recipients outside of the Receiving Party's Counsel of Record's office, the

1  transmission shall be Encrypted if the material is in electronic format (*e.g.*, PDF, TIFF,

2  Word, or Excel files). Transmission of CONFIDENTIAL or ATTORNEYS' EYES

3  ONLY Material (regardless whether in paper or Encrypted electronic format) shall be

4  only (a) by hand delivery in sealed envelopes or containers, (b) by outside counsel of

5  record or by a secure transport carrier (*e.g.*, Federal Express) in sealed envelopes or

6  containers, or (c) by e-mail sent directly to an authorized recipient. No Party shall

7  reproduce documents or portions or summaries of documents designated as

8  "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" in the text of an unencrypted

9  e-mail, but must send such information in an Encrypted attachment.

10      19.  **OUTSIDE COUNSEL RESTRICTED Material:**  OUTSIDE

11  COUNSEL RESTRICTED Material shall be clearly identified with the name of the

12  Party or Parties permitted to access such Material, for example, "OUTSIDE

13  COUNSEL RESTRICTED – PLAINTIFF'S COUNSEL ONLY." Unless otherwise

14  ordered by the Court or permitted in writing by the Designating Party, OUTSIDE

15  COUNSEL RESTRICTED Material shall not be disclosed, directly or indirectly, to

16  anyone except the following (in addition to those identified in Paragraphs 28 below

17  regarding use of Designated Material at depositions):

18  (a)  Persons who appear on the face of Designated Material as an author, addressee or recipient thereof, provided that any such person who is not
19  under a present non-disclosure agreement with the Producing Party (and, if not the same person or entity, with the Designating Party) that covers
20  that document must first sign Exhibit A before viewing the material and that any viewing must occur in the offices of Counsel of Record for the
21  Receiving Party that is showing the material to the person;

22  (b)  Outside Counsel of Record;

23  (c)  Witnesses at deposition and/or trial, provided that such witnesses may not retain copies of Designated Material unless permitted by other provisions
24  of this Order, and that any Party wishing to use such material to examine persons that are not currently employed by the Producing Party, or are a
25  designated 30(b)(6) witness of the Producing Party, or an expert witness of the producing party; gives reasonable notice to the Producing Party's
26  counsel at least one week prior to showing such material to the witness. If the Producing Party objects to the use of the material, Counsel wishing to
27  use the material must first obtain leave of Court. Counsel for the Producing Party that receives notice under this paragraph agrees not to
28  disclose the examining Party's intent to use the material to any Party or person that counsel does not represent. Absent exceptional circumstances, the term "reasonable notice," as used in this paragraph, shall mean at least

two (2) business days prior to the start of the deposition;

(d)   Outside Consultants, subject to the provisions and limitations set forth in Section D herein;

(e)   court reporters;

(f)   The Court and its personnel;

(g)   Professional Vendors to which disclosure is reasonably necessary for this litigation; and

(h)   Any other person with the prior written consent of the Producing *Party* (and, if not the same person or entity, the Designating Party).

To the extent that any OUTSIDE COUNSEL RESTRICTED Material is transmitted from or to authorized recipients outside of the Receiving Party's Counsel of Record's office, the transmission shall be by hand or by a secure transport carrier (*e.g.*, Federal Express) (and Encrypted if the Material is in electronic format).

20.    Each person to whom Designated Material may be disclosed, and who is required to sign the "Agreement To Be Bound By Confidentiality Order" attached hereto as Exhibit A and, if applicable, the "Certification Of Consultant" attached hereto as Exhibit B, shall do so prior to the time such Designated Material is disclosed to him or her. Counsel for a Party who makes any disclosure of Designated Material shall retain each original executed certificate and, upon written request, shall provide copies to counsel for all other parties at the termination of this action.

21.    At the request of the Designating Party, persons not permitted access to Designated Material under the terms of this Confidentiality Order shall not be present at depositions while the Designating Party's Designated Material is discussed or otherwise disclosed. However, persons not permitted access to Designated Material under the terms of this Confidentiality Order shall be allowed to be present during all portions of depositions that do not pertain to the Designating Party's Designated Material, even if such Designated Material is or was discussed during other portions of that same deposition. Pre-trial and trial proceedings shall be conducted in a manner, subject to the supervision of the Court, to protect Designated Material from disclosure

9

1  to persons not authorized to have access to such Material

2  **Access By Outside Consultants**

3      22.   Outside consultants or experts (i.e., not existing employees or affiliates of

4  a Party or an affiliate of a Party) retained for the purpose of this litigation, provided

5  that:

6        (1)   such consultants or experts are not presently employed by the Parties hereto for purposes other than this Action;

7
8        (2)   before access is given, the consultant or expert has completed the Undertaking attached as Exhibit A hereto and the same is served
9              upon the producing Party with:

10            (a)   a current curriculum vitae of the consultant or expert;

11            (b)   any current or past (within the last four years) professional
12                relationship with any of the parties; and

13            (c)   a list of other cases in which the individual has testified (at
14                trial or deposition) within the last four years.

15  At least five (5) days before access to the Protected Material is to be given to that

16  consultant or expert, the party proposing the consultant or expert shall provide the

17  above information to give the producing party the opportunity to object to and notify

18  the receiving. Party in writing that it objects to disclosure of Protected Material to the

19  consultant or expert. The Parties agree to promptly confer and use good faith to resolve

20  any such objection. If the Parties are unable to resolve any objection, the objecting

21  Party may file a motion with the Court within fifteen (15) days of the notice, or within

22  such other time as the Parties may agree, seeking a Confidentiality Order with respect

23  to the proposed disclosure. The objecting Party shall have the burden of proving the

24  need for a Confidentiality Order. No disclosure shall occur until all such objections are

25  resolved by agreement or Court order.

26  **Financial Summaries**

27      23.   For the mutual convenience of the Parties, Defendants may generate

28  certain financial summaries for the purpose of this litigation. All such financial

1    summaries are to be designated OUTSIDE COUNSEL RESTRICTED, and to the

2    extent that any such financial summaries are transmitted from or to authorized

3    recipients outside of the Receiving Party's Outside Counsel's office, the transmission

4    shall be by hand or by a secure transport carrier (*e.g.*, Federal Express).

5    **Prosecution Bar**

6    24.    Defendants may designate and label Material as "SUBJECT TO

7    PROSECUTION BAR" if it is also appropriately labeled "ATTORNEYS' EYES

8    ONLY" or "OUTSIDE COUNSEL RESTRICTED."

9    25.    Any attorney representing a Party, whether in house or outside counsel,

10   and any person associated with a Party who is permitted to receive the other Party's

11   Protected Material that is designated RESTRICTED –ATTORNEYS' EYES ONLY

12   and SUBJECT TO PROSECUTION BAR MATERIAL"), who obtains, receives, has

13   access to, or otherwise learns, in whole or in part, MATERIAL SO DESIGNATED

14   shall not prepare, prosecute, supervise, or assist in the preparation or prosecution of

15   any patent application pertaining to the field of the invention of the patents-in-suit on

16   behalf of the receiving Party or its acquirer, successor, predecessor, or other affiliate

17   during the pendency of this Action and for one year after its conclusion, including any

18   appeals. However, an attorney or any person associated with a party who reviews

19   MATERIAL SO DESIGNATED may participate in a reexamination proceeding to

20   defend the validity of a challenged patent, but may not participate in the crafting of

21   amended claims.

22   **Use Of Designated Material**

23   26.    **Use Of Designated Material By Receiving Party.**  Unless otherwise

24   ordered by the Court or agreed to in writing by the Parties, all Designated Material and

25   all information derived therefrom shall be used by the Receiving Party only for

26   purposes of this litigation and shall not be used in any other way whatsoever.

27   Information contained or reflected in Designated Materials shall not be disclosed in

28   conversations, presentations (by parties, counsel, vendors, experts, consultants, or

11

[PROPOSED] PROTECTIVE ORDER GOVERNING THE DESIGNATION AND HANDLING OF CONFIDENTIAL
MATERIALS; CASE NO. 8:11-CV-01462-AG-ANx

1   otherwise), in Court or in other settings that might reveal Designated Material, except
2   in accordance with the terms of this Order.

3         27.    **Use Of Designated Material By Designating Party.**  Nothing in this
4   Order shall limit any Designating Party's use of its own documents and information,
5   nor shall it prevent the Designating Party from disclosing its own confidential
6   information, documents or things to any person. Such disclosure shall not affect any
7   designations made pursuant to the terms of this Order, so long as the disclosure is
8   made in a manner that is reasonably calculated to maintain the confidentiality of the
9   information.

10         28.    **Use Of Designated Material at Depositions (I).**  Except as may be
11   otherwise ordered by the Court, and consistent with Paragraphs 16-21 of this
12   Confidentiality Order, any person may be examined as a witness at depositions and
13   trial and may testify concerning all Designated Material of which such person has prior
14   knowledge. Without in any way limiting the generality of the foregoing:

15         (a)    A present director, officer, employee, designated Rule 30(6)(b)
16   witness, and/or Outside Consultant of a Producing Party may be examined and may
17   testify concerning all Designated Material that has been produced by that Party.

18         (b)    A former director, officer, agent and/or employee of a Producing
19   Party may be interviewed, examined, and may testify concerning all Designated
20   Material of which he or she has prior knowledge, including any Designated Material
21   that refers to matters of which the witness has prior knowledge, which has been
22   produced by that Party and which pertains to the period or periods of his or her prior
23   employment with the Party.

24         (c)    Non-parties may be examined or testify concerning any document
25   containing Designated Material of a Producing Party which appears on its face or from
26   other documents or testimony to have been received from or communicated to the non-
27   party as a result of any contact or relationship with the Producing Party, or a
28   representative of such Producing Party. Any person other than the witness, his or her

1   attorney(s), and any person qualified to receive Designated Material under this Order

2   shall be excluded from the portion of the examination concerning such information,

3   unless the Producing Party (and, if not the same person or entity, the Designating

4   Party) consents to persons other than qualified recipients being present at the

5   examination. If the witness is represented by an attorney who is not qualified under

6   this Order to receive such information, then prior to the examination, the attorney shall

7   be requested to provide a Confidentiality Agreement, in the form of Exhibit A hereto,

8   that he or she will comply with the terms of this Order and maintain the confidentiality

9   of Designated Material disclosed during the course of the examination. In the event

10  that such attorney declines to sign such an Agreement To Be Bound By Confidentiality

11  Order, prior to the examination, the parties, by their attorneys, shall jointly seek an

12  order from the Court prohibiting such attorney from disclosing such Designated

13  Material.

14          (d)    A witness who previously had access to a document designated

15  "CONFIDENTIAL", "ATTORNEYS' EYES ONLY" or "OUTSIDE COUNSEL

16  RESTRICTED" but who is not under a present non-disclosure agreement with the

17  Producing Party (and, if not the same person or entity, the Designating Party) that

18  covers that document, may be shown the document if the witness is advised on the

19  record of the existence of the Confidentiality Order and that the Confidentiality Order

20  requires the parties to keep confidential any questions, testimony or documents that are

21  designated as "CONFIDENTIAL", "ATTORNEYS' EYES ONLY", or "OUTSIDE

22  COUNSEL RESTRICTED". Such witnesses may not copy, take notes on or retain

23  copies of any Designated Material used or reviewed at the deposition. Such witness

24  may not take out of the deposition room any exhibit that is marked

25  "CONFIDENTIAL", "ATTORNEYS' EYES ONLY" or "OUTSIDE COUNSEL

26  RESTRICTED". The Producing Party (and, if not the same person or entity, the

27  Designating Party) of any Designated Material used at the deposition may also require

28  that the transcript and exhibits not be copied by such witness or his counsel, that no

13

1  notes may be made of the transcript or the exhibits, and that the transcript and exhibits

2  may only be reviewed by such witness in the offices of counsel representing a Party in

3  this case (or another firm acting for counsel representing a Party in his case and under

4  the supervision of one of the lawyers who is bound by the terms of this Order).

5  **Procedure for Designating Materials**

6  Subject to the limitations set forth in this Order, (a) a Designating Party may

7  designate as "CONFIDENTIAL" information the Designating Party believes in good

8  faith meets the definition set forth in Paragraph 3 above; (b) a Designating Party may

9  designate as "ATTORNEYS' EYES ONLY" information the Designating Party

10  believes in good faith meets the definition set forth in Paragraph 4 above; (c) a

11  Designating Party may designate as "OUTSIDE COUNSEL RESTRICTED"

12  information the Designating Party believes in good faith meets the definition set forth

13  in Paragraph 5 above; and (d) a Designating Party may designate as "SUBJECT TO

14  PROSECUTION BAR" information the Designating Party believes in good faith

15  meets the definition set forth in Paragraph 24 above.

16  29.  Designation in conformity with this Order requires:

17  (a)  For information in documentary form (apart from transcripts of

18  depositions or other pretrial or trial proceedings), the Producing Party shall affix the

19  legend "CONFIDENTIAL", "ATTORNEYS' EYES ONLY", or "OUTSIDE

20  COUNSEL RESTRICTED" and, if appropriate, "SUBJECT TO PROSECUTION

21  BAR", on each page that contains Designated Material. For documents produced in

22  native format, the legend shall be placed in the filename of each document or

23  otherwise clearly designated.

24  (b)  For testimony given in deposition or in other pretrial or trial

25  proceedings (in this and in other actions, as applicable), the Designating Party shall

26  specify any portions of the testimony that it wishes to designate as

27  "CONFIDENTIAL", "ATTORNEYS' EYES ONLY", or "OUTSIDE COUNSEL

28  RESTRICTED" and, if appropriate, "SUBJECT TO PROSECUTION BAR". In the

1   case of depositions, the Designating Party may also designate any portion of a

2   deposition transcript as "CONFIDENTIAL", "ATTORNEYS' EYES ONLY", or

3   "OUTSIDE COUNSEL RESTRICTED" and, if appropriate, "SUBJECT TO

4   PROSECUTION BAR", by informing the reporter and all Parties in writing within

5   thirty (30) calendar days of completion of the deposition of the designations to be

6   applied. All deposition transcripts not marked during the deposition will nonetheless

7   be treated as "OUTSIDE COUNSEL RESTRICTED" until the thirty (30) day period

8   has expired. Transcript pages containing Designated Material must be separately

9   bound by the court reporter, who must affix to the top of each such page the legend

10  "CONFIDENTIAL", "ATTORNEYS' EYES ONLY" or "OUTSIDE COUNSEL

11  RESTRICTED", as instructed by the Designating Party. The Parties will work together

12  reasonably to attempt to reach an agreeable arrangement for making such designations

13  and/or objections to exhibits, testimony, and other Material used during any pre-trial

14  proceedings and during the trial of this case. The parties will advise the Court at the

15  Pre-Trial Conference or other appropriate time as to a proposal to designate and/or

16  object to the designation of exhibits, testimony, and/or other Material used during any

17  pre-trial proceedings and during the trial of this case and seek approval and/or

18  clarification from the Court as to the manner in which the Court wants the Parties to

19  proceed.

20          (c)     For information produced in some form other than documentary,

21  and for any other tangible items, the Producing Party shall affix in a prominent place

22  on the exterior of the container or containers in which the information or thing is stored

23  the legend "CONFIDENTIAL", "ATTORNEYS' EYES ONLY" or "OUTSIDE

24  COUNSEL RESTRICTED" and "SUBJECT TO PROSECUTION BAR".

25  **No Waiver of Privilege**

26          30.    Inspection or production of documents (including physical objects) shall

27  not constitute a waiver of the attorney-client privilege or, work product immunity or

28  any other applicable privilege or immunity from discovery if after the Producing Party

1    becomes aware of any inadvertent or unintentional disclosure, the Producing Party

2    designates any such documents as within the attorney-client privilege, work product

3    immunity, and/or any other applicable privilege or immunity and requests in writing

4    return of such documents to the Producing Party. Upon request by the Producing Party,

5    the Receiving Party shall immediately retrieve and return any and all copies of such

6    inadvertently produced document(s), including retrieving and returning any and all

7    copies distributed to others (*e.g.*, experts, consultants, vendors). Nothing herein shall

8    prevent the Receiving Party from challenging the propriety of the attorney-client

9    privilege or, work product immunity or other applicable privilege or immunity

10   designation by submitting a written challenge to the Court; however, the fact of the

11   inadvertent production of the document(s) may not be used as a basis for such

12   challenge. A Receiving Party may not retain any copies of any inadvertently produced

13   document for any purpose, including the purpose of challenging the propriety of the

14   attorney-client privilege, work product immunity and/or other applicable privilege or

15   immunity designation; however, the Producing Party must add the document to a

16   privilege log.

17   **Inadvertent Failure To Designate**

18   31.    An inadvertent failure to designate qualified information, documents, or

19   things as "CONFIDENTIAL", "ATTORNEYS' EYES ONLY", "OUTSIDE

20   COUNSEL RESTRICTED," or "SUBJECT TO PROSECUTION BAR" does not,

21   standing alone, waive the Designating Party's right to secure protection under this

22   Order for such Material. Upon discovery of an inadvertent failure to designate, a

23   Producing Party may notify the Receiving Party in writing that the Material is to be

24   designated as "CONFIDENTIAL", "ATTORNEYS' EYES ONLY", or "OUTSIDE

25   COUNSEL RESTRICTED" and if appropriate, "SUBJECT TO PROSECUTION

26   BAR". Upon receipt of such notice, the Receiving Party must make all reasonable

27   efforts to assure that the Material is treated in accordance with the terms of this Order,

28   subject to the right to challenge the propriety of such designation(s). The Producing

1  Party shall provide substitute copies of documents bearing the confidentiality

2  designation. Any Receiving Party will also make all reasonable efforts to retrieve any

3  documents from anyone who had received the documents prior to the notification to

4  the Receiving Party of the inadvertent failure to designate and who is no longer

5  permitted to access the documents under the new designation.

6        **Filing Designated Material**

7        32.    Without written permission from the Designating Party or a Court Order

8  secured after appropriate notice to all interested persons, a Party may not file in the

9  public record in this action any Designated Material, but must file such Designated

10 Material under seal in conformance with the Court's rules and procedures.

11       **Challenges to Confidentiality Designations**

12       33.    The parties will use their best efforts to appropriately designate,

13 documents, or information as "CONFIDENTIAL", "ATTORNEYS' EYES ONLY",

14 "OUTSIDE COUNSEL RESTRICTED", and "SUBJECT TO PROSECUTION BAR".

15 Nothing in this Order shall prevent a Receiving Party from contending that any or all

16 documents or information designated as CONFIDENTIAL Material, ATTORNEYS'

17 EYES ONLY Material, or OUTSIDE COUNSEL RESTRICTED Material and

18 SUBJECT TO PROSECUTION BAR Material have been improperly designated. A

19 Receiving Party may at any time request that the Producing Party (or, if not the same

20 person or entity, the Designating Party) cancel or modify the confidentiality

21 designation with respect to any document or information contained therein, subject to

22 the procedure in Paragraph 43.

23       34.    A Party shall not be obligated to challenge the propriety of a

24 "CONFIDENTIAL", "ATTORNEYS' EYES ONLY" or "OUTSIDE COUNSEL

25 RESTRICTED" and "SUBJECT TO PROSECUTION BAR" designation at the time

26 made, and the failure to do so shall not preclude a subsequent challenge thereto. Such a

27 challenge shall be written, shall be served on counsel for the Producing Party (and, if

28 not the same person or entity, the Designating Party), and shall particularly identify by

1   Bates number and set forth for each such document the specific reason the Receiving
2   Party believes the designation is improper for the document that the Receiving Party
3   contends should be designated differently. The parties shall use their best efforts to
4   promptly resolve such disputes by formally holding a meet and confer by telephone
5   (voice mail messages are insufficient) or in person. If the parties cannot reach
6   agreement, the Receiving Party shall request that the Court cancel or modify a
7   "CONFIDENTIAL", "ATTORNEYS' EYES ONLY", or "OUTSIDE COUNSEL
8   RESTRICTED" and if applicable, "SUBJECT TO PROSECUTION BAR"
9   designation. In any dispute raised with this Court, the Receiving Party objecting to the
10  designation shall bear the burden of showing that the challenged designation was
11  appropriate.

**Protected Material Subpoenaed Or Ordered Produced In Other Litigation**

14      35.    If a Receiving Party is served with a subpoena or a Court order that would
15  compel disclosure of any information, documents or things designated in this action as
16  "CONFIDENTIAL", "ATTORNEYS' EYES ONLY" or "OUTSIDE COUNSEL
17  RESTRICTED", the Receiving Party must promptly notify the Designating Party in
18  writing (by fax and/or email), before any compliance under such subpoena or Court
19  order is required. Such notification must include a copy of the subpoena or order. The
20  Receiving Party also must promptly inform in writing the party who caused the
21  subpoena or order to issue that some or all of the Material covered by the subpoena or
22  order is the subject of this Confidentiality Order. In addition, the Receiving Party must
23  promptly deliver a copy of this Confidentiality Order to the Party in the other action
24  that caused the subpoena or order to issue. The Designating Party shall bear the
25  burdens and the expenses of seeking protection in that Court of its Designated
26  Material. Nothing in these provisions should be construed as authorizing or
27  encouraging a Receiving Party in this action to disobey a lawful directive from another
28  Court.

## Unauthorized Disclosure Of Designated Material

36.     If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Designated Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Designated Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## Non-Party Use Of This Confidentiality Order

37.     A non-party producing information or Material voluntarily or pursuant to a subpoena or a Court order may designate such Material or information in the same manner and shall receive the same level of protection under this Confidentiality Order as any Party to this lawsuit.

38.     A non-party's use of this Confidentiality Order to protect its "CONFIDENTIAL" Material, "ATTORNEYS' EYES ONLY" Material, or "OUTSIDE COUNSEL RESTRICTED" Material does not entitle that nonparty access to "CONFIDENTIAL" Material, "ATTORNEYS' EYES ONLY" Material, or "OUTSIDE COUNSEL RESTRICTED" Material produced by any Party in this case.

## Discovery From Outside Consultants

39.     Testifying experts shall not be subject to discovery of any draft of his or her report in this case or other cases, and such draft reports, notes, or outlines for draft reports are also exempt from discovery.

40.     Discovery of Materials provided to testifying experts shall be limited to those materials, facts, consulting expert opinions, and other matters actually relied upon by the testifying expert in forming his or her final report, trial, or deposition testimony or any opinion in this case. No discovery can be taken from any consulting expert who does not testify except to the extent that consulting expert has provided

1    information, opinions, or other materials to a testifying expert, who then relies upon

2    such information, opinions, or other materials in forming his or her final report, trial,

3    or deposition testimony or any opinion in this case.

4        41.    No conversations or communications between counsel and any testifying

5    or consulting expert will be subject to discovery unless the conversations or

6    communications are relied upon by such experts in formulating opinions that are

7    presented in reports or trial or deposition testimony in this case.

8        42.    Materials, communications, and other information exempt from discovery

9    under the foregoing paragraphs shall be treated as attorney-work product for the

10   purposes of this litigation and Confidentiality Order.

11   **Duration**

12       43.    Even after the termination of this action, the confidentiality obligations

13   imposed by this Order shall remain in effect until a Designating Party agrees otherwise

14   in writing or a Court order otherwise directs.

15   **Final Disposition**

16       44.    Unless otherwise ordered or agreed in writing by the Producing Party,

17   within sixty (60) calendar days after the final disposition of this action, each Receiving

18   Party must destroy or return all Designated Material to the Producing Party. As used in

19   this paragraph, "all Designated Material" includes all copies, abstracts, compilations,

20   summaries or any other form of reproducing or capturing any of the Designated

21   Material. The Receiving Party must submit a written confirmation of the return or

22   destruction to the Producing Party (and, if not the same person or entity, to the

23   Designating Party) by the 60-day deadline.

24       45.    Notwithstanding Paragraph 44, Counsel of Record may retain an archival

25   copy of all pleadings, motion papers, any documents or materials filed or used in

26   Court, exhibits offered or introduced into evidence at trial, legal memoranda,

27   correspondence, or attorney work product, even if such materials contain Designated

28   Material. Counsel of Record may also retain an archival copy of deposition transcripts

1  (including exhibits), expert reports (including exhibits), discovery requests and
2  responses (including exhibits), even if such materials contain Designated Material.

3      46.    Each Defendant may retain an archived copy of all pleadings, motion
4  papers, expert reports (including exhibits), deposition transcripts (including exhibits)
5  of its own current and former employees and experts, documents or materials filed or
6  used in Court, exhibits offered or introduced into evidence at trial, legal memoranda,
7  correspondence, discovery requests and responses or attorney work product, but only
8  to the extent that such materials do not contain any Designated Material of another
9  Defendant or such Designated Material has been redacted.

10      47.    Any archival copies that contain or constitute Designated Material remain
11  subject to this Confidentiality Order as set forth in Paragraph 43, above.

12  **Miscellaneous**

13      48.    Any of the notice requirements herein may be waived, in whole or in part,
14  but only by a writing voluntarily and explicitly agreeing to such waiver signed by the
15  Counsel of Record for the Party against whom such waiver will be effective.

16      49.    This Order is entered without prejudice to the right of any Party to apply
17  to the Court at any time for additional protection or to relax or rescind the restrictions
18  of this Order, when convenience or necessity requires. No Party waives any right it
19  otherwise would have to object to disclosing or producing any information, documents,
20  or things on any ground not addressed in this Confidentiality Order. Similarly, no Party
21  waives any right to object on any ground to the use in evidence of any of the Material
22  covered by this Confidentiality Order. The Court shall take appropriate measures to
23  protect Designated Material at trial and any hearing in this case.

24      50.    This Order shall not diminish any existing obligation or right with respect
25  to Designated Material, nor shall it prevent a disclosure to which the Designating Party
26  consents in writing before the disclosure takes place.

27

28

1      **IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

2                                 */s/ David C. Shay*

3   Dated: August 8, 2012

4                                   ALEXANDER G. CALFO (SBN 152891)
                                      DAVID C. SHAY (SBN 241702)

5                                   YUKEVICH CALFO & CAVANAUGH
                                      355 S. Grand Avenue, 15th Floor

6                                   Los Angeles, CA 90071-1560
                                      Telephone: (213) 362-7777

7                                   Facsimile: (213) 362-7788

8                                   Bryan G. Harrison (*Pro Hac Vice*)

9                                   MORRIS, MANNING & MARTIN, LLP
                                      1600 Atlanta Financial Center

10                                 3343 Peachtree Road, N.E.

11                                 Atlanta, Georgia 30326-1044
                                    Telephone:  (404) 233-7000

12                                 Facsimile:  (404) 365-9532

13                                 Attorneys for Plaintiff

14                                 OPTIMUM POWER SOLUTIONS LLC

15

16   Dated:  August 8, 2012           */s/ Bryan J. Sinclair*

17                                 HAROLD H. DAVIS, JR. (SBN 235552)
                                    K&L GATES LLP

18                                 4 Embarcadero Center, Suite 1200
                                  San Francisco, California 94111-5994

19                                 Telephone: 415.882.8200
                                  Facsimile: 415.882.8220

20                                 BRYAN J. SINCLAIR (SBN 205885)
                                    K&L GATES LLP

21                                 630 Hansen Way
                                    Palo Alto, CA  94304

22                                 Telephone:  (650) 798-6700
                                  Facsimile:   (650) 798-6701

23                                 Attorneys for Defendant and

24                                 Counterclaimant ACER AMERICA
                                CORPORATION

25

26

27

28

[PROPOSED] PROTECTIVE ORDER GOVERNING THE DESIGNATION AND HANDLING OF CONFIDENTIAL
MATERIALS; CASE NO. 8:11-CV-01462-AG-ANx

1    **IT IS SO ORDERED.**

2

3    DATED: August 17, 2012

4

5                        United States Magistrate Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] PROTECTIVE ORDER GOVERNING THE DESIGNATION AND HANDLING OF CONFIDENTIAL
MATERIALS; CASE NO. 8:11-CV-01462-AG-ANx

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND BY CONFIDENTIALITY ORDER

I, _____ [print or type full name], state:

1.      I reside at _____;

2.      My present employer is _____;

3.      My present occupation or job description is _____;

4.      I agree to keep confidential all information provided to me in the matter of *Optimum Power Solutions LLC v. Acer America Corporation*, Civil Action No. SACV 11-01462 AG(ANx) in the United States District Court for the Central District of California, and to be subject to the authority of that Court in the event of any violation or dispute related to this agreement;

5.      I have been informed of and have reviewed the Confidentiality Order entered in this case, and I will not divulge any information, documents or things that are subject to the Confidentiality Order except in accordance with the provisions of the Order; and

6.      I state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on _____

_____

[printed name]

_____

[signature]

# EXHIBIT B

## CERTIFICATION OF CONSULTANT

I, _____ [print or type full name], of _____, am not an employee of the Party who retained me, or of a competitor of a Party in this action.  If at any time after I execute this Certificate of Consultant and during the pendency of the Action I become an employee of a Party or a competitor of a Party, I will promptly inform the counsel for the Party who retained me in the Action, and I will not thereafter review any Designated Materials marked by any Party as "ATTORNEYS' EYES ONLY" or "OUTSIDE COUNSEL RESTRICTED" unless and until the Parties agree or the Court orders otherwise. Nothing in the foregoing precludes a Designating Party from sharing its own Designated Materials with its consultants or employees.

I state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.


Executed on _____


_____
[printed name]


_____
[signature]

[PROPOSED] PROTECTIVE ORDER GOVERNING THE DESIGNATION AND HANDLING OF CONFIDENTIAL MATERIALS; CASE NO. 8:11-CV-01462-AG-AN

# EXHIBIT C

## LITIGATION MANAGER ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND BY CONFIDENTIALITY ORDER

I, _____ [print or type full name], state:

1.  I reside at _____;

2.  My present employer is _____;

3.  I am a Litigation Manager;

4.  I agree to keep confidential all information provided to me in the matter of *Optimum Power Solutions LLC v. Acer America Corporation*, Civil Action No. SACV 11-01462 AG(ANx) in the United States District Court for the Central District of California, and to be subject to the authority of that Court in the event of any violation or dispute related to this agreement;

5.  I have been informed of and have reviewed the Confidentiality Order entered in this case, and I will not divulge any information, documents or things that are subject to the Confidentiality Order except in accordance with the provisions of the Order;

6.  I state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.


Executed on _____


_____
[printed name]


_____
[signature]